UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTIE LEE MORGAN,

                **Plaintiff,**

v.

                                              18-CV-484-HKS

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security,**

                **Defendant.**

## DECISION AND ORDER

Plaintiff Kristie Morgan brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of Acting Commissioner of Social Security (the "Commissioner"), which denied her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Act. Dkt. No. 1. This Court has jurisdiction over this action under 42 U.S.C. § 405(g) and the parties have consented to the disposition of this case by a United States magistrate judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 18.

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 8, 15. For the reasons set forth below, the defendant's motion is granted, and the plaintiff's motion is denied.

## BACKGROUND

On July 25, 2014, the plaintiff protectively filed applications for DIB and SSI with the Social Security Administration ("SSA") alleging disability since October 1,

1

2012, due to tricuspid valve endocarditis and severe depression. Tr.[1] 196. On December 4, 2014, the plaintiff's claims were denied by the SSA at the initial level. Tr. 72-73. On July 6, 2017, the plaintiff appeared with her attorney and testified before Administrative Law Judge, Timothy M. McGuan ("the ALJ"). Tr. 32-59. A vocational expert ("VE") also testified during the hearing. *Id.* On September 14, 2017, the ALJ issued a decision finding the plaintiff was not disabled within the meaning of the Act. Tr. 12-31. Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on February 23, 2018. Tr. 1-6. Thereafter, the plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

## **LEGAL STANDARD**

**I.  District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation

---

[1] References to "Tr." are to the administrative record in this matter. Dkt No. 8.

2

marks omitted); see also *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental

work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed the plaintiff's claim for benefits under the process described above. First, the ALJ found the plaintiff met insured status requirements of the SSA through March 31, 2015. Tr. 17. At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since October 1, 2012, the alleged onset date. Tr. 18. At step two, the ALJ found the plaintiff has the following severe impairments: depressive disorder, agoraphobia with panic disorder, cocaine and opioid dependence in early remission and bronchitis. *Id.* Also, the ALJ found the plaintiff's Hepatitis C and endocarditis are non-severe impairments. *Id.* At step three,

the ALJ found that the plaintiff's impairments, alone or in combination, did not meet or medically equal any listings impairment. Tr. 20.

Next, the ALJ determined the plaintiff retained the RFC to perform a less than full range of light work.[2] Tr. 19. Specifically, she can only occasionally lift twenty pounds and frequently lift ten pounds; she can sit for approximately six hours; stand or walk for approximately six hours in an eight-hour day. *Id.* Further, she can occasionally remember and carry out complex and detailed tasks; can occasionally interact with the public; can frequently interact with others; and can tolerate occasional exposure to respiratory irritants. *Id.*

At step four, the ALJ relied on the VE's testimony and found that the plaintiff was unable to perform her past relevant work as a "Nurse's Assistant" (DOT #355.647-014) Specific Vocational Preparation ("SVP") level of 4, with a medium level of exertion. Tr. 24. At step five, the ALJ considered the plaintiff's age (34 on the alleged disability onset date); high school education; ability to communicate in English; work experience; RFC; and concluded based on the VE's testimony that the plaintiff was capable of performing other work that existed in significant numbers in the national economy. Tr. 28. Specifically, the ALJ found the plaintiff could perform the following

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567

5

jobs: "Mail Clerk" (DOT 209.687-026) SVP 2 requiring a light level of exertion; and "Assembler, small parts" (DOT 706.684-027) SVP 2 requiring a light level of exertion. Tr. 25. Accordingly, the ALJ found the plaintiff was not disabled from October 1, 2012 through September 19, 2017. Tr. 25-26.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ erred in evaluating the record medical evidence by failing to reconcile discrepancies between the RFC assessment and medical source statements; and improperly relying on an omitted portion of a record medical source statement in support of the RFC assessment. Dkt. No. 8 at 17, 23. The Commissioner contends the ALJ properly evaluated the medical opinions of record in making the RFC assessment and that the decision should be affirmed because it is supported by substantial evidence. Dkt. No. 15 at 17. This Court agrees with the Commissioner that the ALJ's decision is supported by substantial evidence and should be affirmed.

**The ALJ properly evaluated the record medical evidence**

In his decision, the ALJ observed that Plaintiff's mental health counselor, Abigail Heineman ("Counselor Heineman"), did not assess any limitations concerning the plaintiff's ability to perform unskilled work. Tr. 21. Here, Plaintiff argues that the ALJ improperly concluded that she was capable of performing unskilled work where he relied on a "blank section" of Counselor Heineman's source opinion in support of his finding. Dkt. No. 8, at 24.

6

Counselor Heineman prepared a "Mental Treating Source Statement" form on behalf of the plaintiff on July 6, 2017. Tr. 835-839. She noted that she had been treating the plaintiff on a biweekly basis since March 21, 2016, and that he was diagnosed with: major depression, recurrent; opiate, cocaine, and cannabis use disorders; and PTSD traits. Tr. 835. She also noted that Plaintiff displayed difficulty concentrating and maintaining focus; has significant levels of anxiety and depression making it difficult to be in public large crowds; but opined that with continued treatment, the plaintiff's symptoms will likely improve over time. Tr. 835. Although the Counselor completed portions of the form assessing the plaintiff's mental abilities and aptitude to perform semi-skilled/skilled work and particular types of jobs, she did not assess the plaintiff's mental abilities and aptitudes necessary to complete unskilled work. Tr. 837-38. The Commissioner contends that the ALJ reasonably relied on Counselor Heineman's assessment of no limitations for unskilled work in concluding the therapist found no limitations in this area. Dkt. 15, at 23. This Court agrees.

A review of the record clearly establishes that there was substantial evidence to support the ALJ's finding that the plaintiff would be able to perform light unskilled work. This substantial evidence is found in the opinions of consultative examiners, Yu-Ying Lin, Ph.D. ("Dr. Lin"), and Kristina Luna, Psy. D. ("Dr. Luna") where each stated that the plaintiff could follow and understand simple directions and instructions and perform simple tasks independently. Tr. 348-49, 366. Because of these findings, it was reasonable for the ALJ to conclude that Counselor Heineman also

7

thought the plaintiff was capable of performing unskilled work since she completed an assessment of the plaintiff's mental abilities and aptitude to perform semi-skilled/skilled work and particular jobs but did not negatively opine on the plaintiff's ability to perform unskilled work, thereby indicating that there were no limitations in that regard. Tr. 837, Exhibit 21F. Counselor Heineman also opined that with continued treatment, Plaintiff's symptoms would improve over time. Tr. 835.

The plaintiff's claim that there were discrepancies between the medical source statements and the RFC assessment, specifically that ALJ improperly failed to explain why Counselor Heineman and Dr. Lin's opinions were not given proper weight so as to find the plaintiff disabled, also fails. An RFC finding need not correspond to any particular medical opinion; rather, the ALJ must consider all the evidence and render an RFC finding that is consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (unpublished opinion); see also *Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"). In general, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting SSR 96-8p, 1996 WL 374184, at *7(S.S.A. July 2, 1996)).

8

Here, Plaintiff has failed to demonstrate that the RFC assessment conflicted with Counselor Heineman's and Dr. Lin's opinions, therefore no further explanation from the ALJ is warranted. The RFC assessment limits Plaintiff to occasional interaction with the general public and unskilled work, in accordance with Counselor Heineman's opinion that she would be "seriously limited" in interacting appropriately with the general public and "unable to travel to unfamiliar places, use public transportation, set realistic goals, or make plans independently of others." Tr. 19. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 WL 56857, at *4. Also, the ALJ found the plaintiff retained the RFC to perform the requirements of a mail clerk; page; and small parts assembler which aligns with Dr. Lin's opinion that would have mild-to-moderate difficulty making appropriate decisions and would have moderate limitations in appropriately dealing with stress. Tr. 25. "It is well settled that positions identified by the [VE], including mail clerk … are unskilled jobs that are suitable for claimants with limitations to 'low-stress' work." *Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384-85 (W.D.N.Y. 2018). "An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record 'permits [the court] to glean the rationale of an ALJ's decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d. Cir. 2013) (per curiam).

## CONCLUSION

Since there is substantial evidence in the record to support the ALJ's findings, the plaintiff's motion (Dkt. No. 8) is denied and the defendant's Motion for Judgment on the Pleadings (Dkt. No. 15) is GRANTED. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED:	Buffalo, New York
	October 3, 2019

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**